THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID ANGEL SIFUENTES, III,<br><br>                  Plaintiff,<br><br>     v.<br><br>AVVO, INC.,<br><br>                  Defendant. | CASE NO. C26-2380-JCC<br><br>MINUTE ORDER DIRECTING SERVICE |

The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

Plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Dkt. No. 4.) The Court has reviewed the complaint (Dkt. No. 5) pursuant to § 1915(e)(2). And it appears to establish this Court's subject matter jurisdiction and potentially state a claim for relief. (*See generally id.*) Thus, the Clerk of the Court shall notify Defendant (or its registered agent(s)) of the commencement of this action and request a waiver of service of summons in accordance with Federal Rule of Civil Procedure 4(d) and 28 U.S.C. § 566(c). If Defendant declines to waive service, the Court will order that it be done by the United States Marshals. If so, Defendant will be required to pay the full costs of such service. *See* Fed. R. Civ. P. 4(d)(2). The Clerk shall provide Plaintiff with a copy of this minute order.

As to the request for the appointment of counsel (Dkt. No. 6): This "is a privilege and not

C26-2380-JCC
PAGE - 1

a right." *United States ex rel. Gardner v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965). While a court may do so pursuant to 28 U.S.C. § 1915(e)(1),[1] it is limited to "exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). This assessment "requires an evaluation of both 'the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (alteration in original) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). The Court cannot make the requisite finding at present, as the complaint demonstrates Plaintiff is capable of articulating claims without the assistance of counsel, irrespective of the likelihood of their ultimate success. Thus, the Court FINDS the appointment of counsel not warranted at this time.

DATED this 13th day of July 2026.

Joshua C. Lewis
Clerk of Court

s/Kathleen Albert
Deputy Clerk

---

[1] 28 U.S.C. § 1915 does not actually authorize the Court to force a lawyer to take a case. Nor does the Court have staff attorneys standing by to represent *pro se* litigants. Instead, the Court may only "request" that an attorney represent an indigent litigant. 28 U.S.C. § 1915(e); *see also Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 307 (1989) (holding that § 1915(e) authorizes "courts to ask but not compel lawyers to represent indigent litigants.")

C26-2380-JCC
PAGE - 2